## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| SANDRA KNIGHT,<br><br>   Plaintiff,<br><br>v.<br><br>CITIBANK, N.A.,<br><br>   Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **TCPA, 47 U.S.C. § 227;**<br>2. **Invasion of Privacy - Intrusion Upon Seclusion** |

## COMPLAINT FOR DAMAGES

Plaintiff, Sandra Knight ("Plaintiff"), through her attorneys, alleges the following against Citibank, N.A. ("Citibank" or "Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the common law tort Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement

- 1 -

(Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendant transacts business here; personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in the Navajo County, Arizona.

7. Defendant is a financial institution with its principal place of business located at 399 Park Avenue, New York, NY 10022.

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. In or around December of 2017, Defendant began placing calls to Plaintiff on her cellular phone number ending in 2010, in an attempt to collect an alleged debt.

10. The calls placed by Defendant mainly originated from the following numbers: (866) 532-0424 and (866) 532-0423.

11. Upon information and belief, Defendant owns and operates these numbers.

12. On or about December 23, 2018 at 8:08 a.m. Plaintiff answered a call from (866) 532-0424. Plaintiff heard a long pause before Defendant's representative spoke, indicating the use of an automated dialer.

13. Defendant's representative identified herself as "Ann" and informed Plaintiff that Defendant was calling in regards to an alleged debt.

14. Plaintiff explained to Defendant's representative that she and her husband had recently lost their home of ten (10) years due to foundation issues that the insurance would not cover, that this was causing financial difficulties and making it difficult for Plaintiff to make her payments, and that she would contact Defendant when she was able to pay again.

15. During this phone conversation, Plaintiff unequivocally revoked consent to be called again on her cellular telephone.

16. Despite this unequivocal revocation, Plaintiff continued to received phone calls from Defendant, often up to four (4) times a day. Frustrated and feeling harassed, Plaintiff began ignoring calls from (866) 532-0424, sending them to voicemail.

17. On or about December 27, 2018 at 4:32 p.m. Plaintiff answered a call from (866) 532-0423 because she did not recognize the new number as belonging to Citibank. Plaintiff heard a long pause before Defendant's representative spoke, indicating the use of an automated dialer.

18. During this conversation, Plaintiff <u>again</u> unequivocally revoked consent to be called on her cellular telephone (consent which, at this point, Defendant did not have).

19. Despite this <u>second</u> unequivocal revocation, Plaintiff continued to received phone calls from Defendant, often up to four (4) times a day.

20. On or about December 28, 2018 at 8:01 a.m. Plaintiff received a call from (866) 532-0423. Frustrated and weary of the constant calls, Plaintiff answered the call, waited through the long pause (indicating the use of an automatic dialer) and for the <u>third</u> time told Defendant's representative to stop calling her cellular phone (revoking consent which, at this point, Defendant did not have).

21. Despite this <u>third</u> unequivocal revocation, Plaintiff continued to received phone calls from Defendant, often up to four (4) times a day.

22. On or about March 29, 2018 at 3:44 p.m. Plaintiff received a call from (866) 532-0423. Completely exhausted with the situation and upset that Defendant was ignoring her requests and demands to cease calling her on her cellular phone, Plaintiff answered the call, waited through the long pause (indicating the

use of an automatic dialer), and <u>for the fourth time</u>, demanded that Defendant stop calling her cellular phone (revoking consent which, at this point, Defendant did not have).

23. Despite this <u>fourth</u> unequivocal revocation, Plaintiff continued to received phone calls from Defendant, often up to four (4) times a day.

24. Between December 24, 2017 and April 2018, *after Plaintiff had revoked consent to be called on her cellular phone*, Defendant called Plaintiff on her cellular telephone approximately TWO-HUNDRED AND SEVENTY-FIVE (275) times.

25. Defendant also left many voicemails with identical pre-recorded messages on Plaintiff's cellular telephone

26. As she informed Defendant, at the time of Defendant's harassing and abusive behavior, Plaintiff was dealing with the emotional upheaval of losing her home and the incredible stress caused by the unforeseen financial burden of purchasing a new home and moving.

27. Defendant's constant calls exacerbated Plaintiff's stress and caused great distress both to herself and her husband.

28. These calls often occurred while Plaintiff was attempting to remedy the financial situation regarding the loss of her home, tying up her phone and

causing humiliation and embarrassment by forcing her to pause conversations to check the caller ID, dismiss the call, and reinitiate the conversation.

29. The above-described conduct by Defendant was willful and done with the intention of causing Plaintiff with such distress, so as to induce her to pay the alleged debt.

30. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
**(Defendant's Violations of the TCPA, 47 U.S.C. § 227)**

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

a) Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b) Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

33. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**COUNT II**
**(Defendant's Invasion of Privacy)**
**(Intrusion upon Seclusion)**

34. Plaintiff incorporates herein by reference paragraphs one (1) through thirty (30) of this complaint as though fully set forth herein at length.

35. Defendants violated Plaintiff's privacy. Defendants' violations include, but are not limited to, the following:

    a. Defendants intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in

an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

b. Defendants conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's work and sleep schedule.

c. Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

36. As a result of Defendants' violations of Plaintiff's privacy, Defendants are liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Sandra Knight, respectfully requests judgment be entered against Defendant for the following:

A. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

B. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B) and 47 U.S.C. § (b)(3)(C);

C. Actual and punitive damages resulting from the invasion of privacy;

D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

E. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

                                                         RESPECTFULLY SUBMITTED,

                                                         PRICE LAW GROUP, APC

Date: May 16, 2019                 By: /s/David Chami
                                                      David Chami
                                                      8245 N. 85th Way
                                                      Scottsdale, AZ 85258
                                                      T: (818) 600-5515
                                                      F: (818) 401-1457
                                                      E: david@pricelawgroup.com